### SCHOOL DIST. NO. 23 OF TOWN OF MOOERS v. RAYMOND.

(Supreme Court, Appellate Division, Third Department.   January 6, 1904.)

1. SCHOOL DISTRICTS—DISSOLUTION—TRUSTEES HOLDING OVER—ELECTION OF NEW TRUSTEES.

   Where a school district was regularly dissolved, the trustee at the time of dissolution continued in office, by the express provisions of the consolidated school law (Laws 1894, p. 1209, c. 556, tit. 6, § 12) ; and, in the absence of proof that the office became vacant by his death or otherwise, another could not be elected trustee of the district.

2. SAME—ALTERATION OF DISTRICTS—CONSENT OF TRUSTEES.

   Under the consolidated school law (Laws 1894, p. 1207, c. 556, tit. 6, § 2), providing that the school commissioner may, with the written consent of the trustees of the affected districts, alter any school district within his jurisdiction, an effort to re-create a dissolved district without obtaining such consent was inoperative, and a purported election of trustees therein was of no effect.

3. SAME—SPECIAL ANNUAL MEETING—ABANDONED DISTRICT.

   The consolidated school law (Laws 1894, p. 1211, c. 556, tit. 7, § 9), providing that the commissioner may order an inhabitant to give notice of a meeting to transact the business of an annual meeting after the time for the annual meeting has expired, does not apply to districts in fact abandoned.

4. SAME—NEW DISTRICT—NOTICE OF MEETING.

   Under the consolidated school law (Laws 1894, p. 1210, c. 556, tit. 7, §§ 1, 2), providing that, on the formation of a school district, the commissioner shall prepare a notice appointing a time and place for the first district meeting, and deliver the same to a taxable inhabitant, who shall notify every other inhabitant at least six days before the meeting, the notice required to be given is a six-day notice in writing, to be prepared by the commissioner himself, and delivered to the voter who is to serve the same.

5. SAME—STRICT CONSTRUCTION.

   Where there is no effort or purpose on the part of school districts to have a new one created therefrom, the election of a trustee of such new district should not be recognized unless the proceedings under which it is done are strictly those required by the consolidated school law (Laws 1894, p. 1181, c. 556).

6. SUMMARY PROCEEDINGS FOR LAND—PARTY PLAINTIFF.

   Under Code Civ. Proc. § 2235, providing for summary proceedings for the possession of land by the persons lawfully entitled thereto, the lawfully elected trustee of a school district is the proper person to maintain such proceedings for district property under Laws 1894, p. 1227, c. 556, tit. 7, § 47, prescribing the duties of such trustees.

Appeal from Clinton County Court.

Action by School District No. 23 of the town of Mooers, by Benjamin Langto, sole trustee, against Luke Raymond. From an order of the County Court affirming a final order of a justice for plaintiff, defendant appeals. Reversed.

Luke Raymond, the father of the defendant, on October 25, 1875, conveyed to School District No. 23, in the town of Mooers, in Clinton county, a small parcel of land, for the price of $20. It was sold for a schoolhouse site, and a condition of the conveyance was that, if a schoolhouse was not built upon it, no other building should be, and that the grantor or his heirs might have it again upon payment of the purchase price. A schoolhouse was built upon the lot. About five years ago the defendant took possession of such house and lot, and offered the supervisor of the town $20 for it. The offer was refused. No school was then held in the building, nor has any been held there since. There has been no trustee elected in the district for the five years prior to December, 1902. In that month, Langto, claiming to have been elected trustee of such district, notified the defendant to remove from such premises, and, upon his refusal to do so, instituted proceedings to eject him therefrom, under subdivision 4 of section 2232 of the Code of Civil Procedure. The justice rendered a final order in such proceedings that the plaintiff have possession of the premises, and for costs against the defendant. An appeal was taken therefrom to the county court, where such order was affirmed, and from such judgment of affirmance this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

H. S. Haff, for appellant.
W. H. Dunn, for respondent.

PARKER, P. J. It may be conceded that School District No. 23 was regularly organized and in existence when the conveyance to it of the premises was made in 1875; and I will concede, without deciding, that the title to such premises thereby became vested in the district, as averred in the petition. On July 1, 1897, however, the school commissioner, Duffy, made and filed in the proper office an order declaring such school district dissolved, and adding a certain specified part thereof to school district No. 15, and the balance thereof to school district No. 3, and directing that such order should take effect August 1, 1897. Commissioner Duffy had the right, under the statute, to make such dissolution, and it does not seem that he was obliged to take any other steps to effect it. See section 9, tit. 6, c. 556, p. 1208, Laws 1894, as amended by chapter 264, p. 201, Laws 1896. Since then the use of such District No. 23 as a school district has been practically abandoned. Part of its territory was merged with, and has since been utilized by, District No. 15, and the children resident therein attended school in the latter district. The rest of its territory has during the same period been utilized by District No. 3, and the children therein resident attended school in that district. No trustee was thereafter elected in District No. 23 until the proceeding taken by Langto, hereinafter referred to.

What proceedings were taken, if any, to sell the property of District No. 23, and to pay its debts, as provided for in sections 10–12 of such act (Laws 1894, p. 1209, c. 556, tit. 6), does not appear, although the fact that this defendant offered to purchase the premises from the

supervisor indicates that he was then supposed to have that matter in charge, as he was by section 10 required to do. If, as I think we must, we assume that District No. 23 was regularly dissolved, then the person who was its trustee in August, 1897, was still its trustee, holding over under the explicit provisions of section 12; and, in the absence of any proof that by his death or otherwise such office has become vacant, Langto could not be lawfully elected a trustee of the district.

But more than that, the evidence utterly fails to show a regular and duly authorized election by such district in December, when he claims to have been elected. By an order made December 8, 1902, O'Neil, as school commissioner, undertook to create and form a new school district out of Districts Nos. 15 and 3; that is, he attempted to re-create the one that Duffy dissolved. No consent of the trustees of such districts was ever obtained, as section 2 of title 6 of the statute (Laws 1894, p. 1207, c. 556) required, and hence that effort was inoperative. He also then authorized Provincia, a voter in the district, to notify all voters therein, as required by sections 1 and 2 of title 7, c. 556, p. 1210, Laws 1894, that a school meeting would be held in such district, so created, on December 16th, at 7:30 p. m., for the purpose of electing officers for such district. But as he failed to create such new district, no election could be lawfully held for the same.

It is claimed, however, that the old district was in fact never dissolved, and that, although five years had passed without electing a trustee, yet O'Neil, as school commissioner, could, under the provisions of section 9, tit. 7, of the school act, order Provincia to give notice to the inhabitants of the old district for an election of officers thereof, the same as if it had never in fact been abandoned. If the old district had never been dissolved, it had been in fact abandoned, and was evidently not in the situation referred to in such section 9. But if it were, the notice so required to be given is a six-day notice in writing, and one which the commissioner shall himself prepare and deliver to the voter who is to serve the same. See sections 1 and 2 of such article. The evidence does not show that Provincia served any such notice, nor that he served any notice six days before the 16th. He says he served a notice of meeting on all the taxpayers from the 10th to the 12th of December. Whether he served more than one on the 10th does not appear. Whether he received it from O'Neil does not appear. What it contained does not appear. There is nothing to show that the notice which he gave purported to come from O'Neil, or that it contained on its face any suggestion whatever that such a district as No. 23 was yet in existence, or that there were any officers to be elected therein. Nor does it appear that any considerable number of the inhabitants of the old territory of No. 23 attended at such meeting. He testifies that Langto was then elected trustee, but he strenuously refrains from producing any record of the votes, or of stating anything more that was done there. I conclude that the evidence does not show a regularly held meeting at which Langto was elected trustee. It is apparent from the evidence that there has been no effort or purpose on the part of Districts Nos. 15 and 3 to have No. 23 again carved out of their territories; and the election of a trustee of such district, upon whom very important powers would be there-

by imposed, should not be recognized unless the proceedings under which it is done are strictly those which the statute requires. But moreover, in directing Provincia, O'Neil did not assume to be acting under section 9, and the notices which Provincia gave do not appear to be sufficient under that section.

Langto, therefore, cannot be held to be a trustee of School District No. 23, and he had therefore no authority to inaugurate on its behalf the proceedings in question. The application in such proceedings must be made by "the person lawfully entitled to the possession of the property intruded into or squatted upon." Code, § 2235. If School District No. 23 held the title, and had never been dissolved, its lawfully elected trustee would be the one who was entitled to such possession. Section 47, tit. 7, c. 556, p. 1227, Laws 1894. And Langto was not that trustee. If it was lawfully dissolved by Duffy, as it clearly seems to have been, evidently Langto is not its trustee; and, inasmuch as in that event it became the duty of the supervisor to sell the property, it would seem to be his duty to give possession of the same. In any event, Langto has not shown himself entitled to the possession of the property, and hence should not have maintained these proceedings.

The judgment of the county court and of the justice must be reversed, with costs. All concur.